Case 1:13-cv-01866-JMF   Document 34   Filed 05/17/13   Page 1 of 14  Furman, J.

Case 1:13-cv-01866-JMF   Document 33   Filed 05/14/13   Page 1 of 14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BROADSPRING, INC.,

    Plaintiff/Counterclaim-Defendant,

    v.

CONGOO, LLC, doing business as ADIANT and ADBLADE, ASHRAF NASHED, RAFAEL COSENTINO and DOES 1-10,

    Defendants/Counterclaimant.

13 Civ. 1866 (JMF)

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2013
```

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Order creates no entitlement to file confidential information under seal; the Individual Rules of the Honorable Jesse M. Furman, U.S.D.J. ("Individual Rules"), and the Local Rules for the United States District Court for the Southern District of New York ("Local Rules") set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

985440v2  014545.0101

2. DEFINITIONS

    2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

    2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive Confidential Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.7.    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

    2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2

Case 1:13-cv-01866-JMF   Document 33   Filed 05/14/13   Page 3 of 14

2.9.  Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in connection with this action.

2.10  House Counsel: attorneys who are employees of a Party.

2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

    If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Section 5.2(a)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

    (a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.

(b) for testimony given at deposition or in other pretrial or trial proceedings, that the Party or non-party proffering the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that proffers the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to identify within twenty (20) business days of receipt of the final transcript the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within this period shall be covered by the provisions of this Order.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3    Inadvertent Failures to Designate. Inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within ten (10) days of discovery of the failure to so designate the

5

material, the Receiving Party(s), on timely notification of the designation, shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must confer directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   Judicial Intervention. A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party may seek judicial intervention in accordance with the Individual Rules and Local Rules that govern discovery disputes and shall identify the challenged material and set forth in detail the basis for the challenge. Each such challenge must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding

6

paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the

Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(c) a Receiving Party who is a natural person to whom disclosure is reasonably necessary for this litigation;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed except as permitted under this Order; and

(h) the author of the document or the original source of the information.

7.3   The original executed version of each Agreement to be Bound by Protective Order shall be retained by Outside Counsel of record for the Receiving Party.

7.4   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons listed in Sections 7.2(a), (d), (e) and (f) hereof.

8

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, telephonically and in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

The Receiving Party also must immediately and in no event more than three (3) business days after receipt of the subpoena or order inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. The correspondence must include a copy of this Order. The Receiving Party shall not under any circumstances disclose or otherwise make available any Protected Material earlier than the noticed date of production.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The Producing Party shall reasonably cooperate with the Designating Party in that regard.

## 9. MATERIAL COVERED BY CONFIDENTIALITY AGREEMENTS WITH THIRD PARTIES OR OTHER PROTECTIVE ORDERS

Where information requested is protected by a confidentiality agreement or protective order with a Third Party, such information shall be produced under the guidelines set forth in this Order, unless production would violate an existing agreement with a Third Party or an order issued by another court, in which case the Producing Party shall provide the Receiving Party with a copy of the other agreement and/or court order and a description of the documents being withheld pursuant to such agreement or order.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing all parties, including the Designating Party, of the unauthorized disclosures and all facts relating thereto, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or entity to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A. Upon motion, the court may order such further and additional relief as it deems appropriate and just.

## 11. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Individual Rules and the Local Rules. If a Party's request to file Protected Material

under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

## 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing, in whole or in part, any Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION) hereof.

## 13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any

11

information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3   This Order need not be signed and entered by the Court to be effective; the Order shall be effective and binding on the Parties as of and from the date executed by the undersigned counsel.

13.4   This Order is intended solely to facilitate the preparation for and trial of this action, and shall not:

> 13.4.1  Operate as an admission by any Party that any Protected Material actually constitutes or contains confidential or proprietary information;
>
> 13.4.2  Operate as an admission by any Party that the restrictions and processes set forth herein constitute adequate protection for any particular Protected Material; provided, however, no interpretation of this provision shall render the protections afforded by other provisions of this Order meaningless or inapplicable;
>
> 13.4.3  Operate as a waiver of any attorney-client privilege, work product protection or other applicable privilege and/or protection, or operate as waiver of the right to protect the inadvertent disclosure of information that is attorney-client privileged or protected under the work product doctrine or other applicable privilege and/or protection;
>
> 13.4.4  Prejudice in any way the right of any Party to object to the production of Discovery Material they consider not subject to discovery;
>
> 13.4.5  Prejudice in any way the right of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

13.4.6 Prejudice in any way the right of any Party to request that particular Protected Material be treated more restrictively than otherwise provided for herein, and, absent agreement of the Parties, to petition the Court for a further protective order relating to any such Protected Material;

13.4.7 Prejudice in any way the right of any Party to seek a court determination as to whether Discovery Material should be subject to the terms of this Order; or

13.4.8 Prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Discovery Material.

13.5   Notwithstanding any provision herein to the contrary, this Order shall have no effect upon, and shall not apply to, a Party's use of its own Protected Material;

13.6   In the event a new Party joins or is joined in this action, that new Party shall not have access to any Protected Material until it has executed Exhibit A hereto;

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**SO ORDERED:**

_____
**U.S.D.J.**
May 17, 2013

KENT, BEATTY & GORDON, LLP
*Attorneys for Plaintiff*

By: _____
Jack A. Gordon, Esq.

425 Park Avenue
The Penthouse
New York, New York 10022
Tel. (212) 421-4300

MOSES & SINGER LLP
*Attorneys for Defendants*

By: _____
Jennifer Nigro, Esq.

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel. (212) 554-7800

13

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by the United States District Court for the Southern District of New York on _____ [insert date of Order] in the case of *BROADSPRING, INC. v. CONGOO, LLC doing business as ADIANT and ADBLADE, ASHRAF NASHED, RAFAEL COSENTINO and DOES 1-10*, Case No. 13-1866 (JMF). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

    Date: _____

    City and State where sworn and signed: _____

    Printed name: _____

    Signature: _____