```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BROADSPRING, INC.,                                                      :
:
                Plaintiff,    :        13-CV-1866 (JMF)
:
        -v-                                     :        MEMORANDUM OPINION
:                    AND ORDER
CONGOO, L.L.C. *d/b/a* ADIANT, et al.,                                  :
:
                Defendants.  :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Discovery in this case closed *exactly* one year ago on November 18, 2013. In an Order entered shortly before that deadline, the Court unambiguously reminded the parties "that no further extensions of these dates will be granted." (Docket No. 60). Thereafter, the parties filed cross motions for summary judgment and motions to preclude under *Daubert*. By Opinion and Order entered on August 20, 2014, the Court resolved those motions. (Docket No. 163). Since then, the parties have submitted their proposed Joint Pretrial Order and motions *in limine*, and the Court has set January 12, 2015, as a trial-ready date. Despite all that, on November 12, 2014, Defendants filed a letter motion seeking to reopen discovery to allow them to call a damages expert. (Docket Nos. 251, 257). Plaintiff has opposed the motion. (Docket No. 253).

      A district court has significant discretion in deciding whether to preclude a party's untimely request to introduce a new witness. *See Bice v. Robb*, 511 F. App'x 108, 110 (2d Cir. 2013). The Second Circuit has pointed to four factors that must guide the exercise of this discretion: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). Here, all four factors counsel against reopening discovery at this late date.

      First, Defendants have not identified any reason why the need for this expert was not apparent prior to the close of discovery or, at the very least, prior to submission of the parties' joint pre-trial order. Indeed, the only relevant development appears to be Defendants' retention of new counsel. That alone does not justify reopening discovery. *Cf. Anderson v. Kaplan*, No. 08-CV-0341 DGT (JO), 2008 WL 4833941, at *3 (E.D.N.Y. Nov. 4, 2008) ("[T]he fact that the parties have recently decided to retain new counsel will not be deemed sufficient reason to adjourn any deadline."). Second, the testimony of Defendants' proposed witness would be limited to the issue of damages and would play no role in its affirmative case, limiting any harm caused by precluding this witness. Third, reopening discovery is likely to prejudice Plaintiff. It would have to depose Defendants' witness, possibly need to secure an additional rebuttal

witness, and could result in further *Daubert* litigation — all while the parties should be preparing for trial (and celebrating the forthcoming holidays).  Cf. *Zerega Ave, Realty Corp. v. Hornbeck Offshore Transportation LLC*, 571 F.3d 206, 213 (2d Cir. 2009) (finding no prejudice where the potential witness had *already* been deposed).  Finally, a trial-ready date has already been set and the Court will not entertain a continuance this late in the litigation, especially where the ostensible reason for Defendants' request — the filing of Plaintiff's Second Amended Complaint — took place more than two months prior to that request.

In seeking to reopen discovery, Defendants cite *Zerega Ave*, where the Second Circuit held that the district court had committed error in precluding a party from calling a witness.  But the facts in *Zerega Ave* are a far cry from those here, and the contrast merely underscores the weakness of Defendant's motion.  In *Zerega Ave*, *both* parties had failed to timely comply with an order regarding the admissibility of expert testimony under *Daubert* — an order the Court of Appeals found ambiguous no less — and the relevant expert had already been deposed.  Under those circumstances, the Court of Appeals held that it was error for the district court to exclude only one side's witness on timeliness grounds.  Here, by contrast, the Court's orders setting the discovery deadline (and Joint Pretrial Order deadline) could not have been clearer; Defendants are the only ones who failed to comply with those deadlines; reopening discovery would require a deposition of Defendants' proposed expert and perhaps much more; and Defendants inexplicably waited almost a full year after the close of discovery, months after the Court ruled on summary judgment and the admissibility of expert testimony, and weeks after submission of a joint pretrial order to make their request.  The Court plainly has discretion to preclude Defendants' expert under those circumstances; indeed, if it were error to do so, then deadlines (not to mention the Second Circuit's four-factor test) would be virtually meaningless.

Accordingly, Defendants' motion to reopen discovery is DENIED.  The Clerk of the Court is directed to terminate Docket Number 251.

SO ORDERED.

Dated: November 18, 2014  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge

2